IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EMPIRE PETROLEUM
PARTNERS, LLC,

        **Plaintiff,**

v.

SURENDRA PATEL et al.,

        **Defendants.**

1:13-cv-3497-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Complaint [1].

**I.   BACKGROUND**

On September 27, 2013, Plaintiff Empire Petroleum Partners, LLC ("Plaintiff") filed, in this Court, Civil Action No. 1:13-cv-3236-WSD (the "September Action") on the basis of diversity jurisdiction. In the September Action, Plaintiff asserted claims for breach of contract and unjust enrichment against Defendants Surendra Patel, Rajani Kant Patel, Detesash Patel a/k/a Tejashkumar Patel, and Katan Patel (collectively, "Defendants").

On October 2, 2013, the Court, after reviewing Plaintiff's Complaint in the September Action, issued an order (the "October 2nd Order") addressing the Court's subject matter jurisdiction over the matter. The Court found that the

Complaint failed to establish diversity jurisdiction because Plaintiff failed to identify, and allege the citizenship of, its members and thus failed to allege sufficient facts to show its own citizenship.  The Court specifically explained that the citizenship of a limited liability company, like Plaintiff, is based on the citizenship of its members.  The Court ordered Plaintiff to file either an amended complaint alleging its citizenship or evidence establishing its citizenship.

On October 3, 2013, Plaintiff filed, in the September Action, its Amended Complaint in response to the October 2nd Order.  In it, Plaintiff alleged that it has five members, including two corporations (the "Corporation Members"), two limited liability companies (the "LLC Members"), and one limited partnership (the "LP Member").  (See Am. Compl. [4] ¶ 2.)  The Amended Complaint did not identify the members of the LLC Members or the partners of the LP Member, or the citizenship of the members and partner.  On October 11, 2013, the Court issued an order (the "October 11th Order") finding that the Amended Complaint failed to identify Plaintiff's citizenship and thus failed to establish the Court's subject matter jurisdiction.  The Court dismissed the September Action for lack of jurisdiction.

On October 23, 2013, Plaintiff filed the current action.  The Complaint in this action is nearly identical to the Amended Complaint filed in the September

Action. It alleges that Plaintiff has five members—the Corporation Members, the LLC Members, and the LP Member—but fails to identify the members of the LLC Members or the partners of the LP Member, or the citizenship of the members and partner.[1]

## II.   DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

The Court has subject-matter jurisdiction in this matter, asserting only state law causes of action, only if there is diversity jurisdiction. See 28 U.S.C. § 1332(a). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. Id. "Diversity

---

[1] The Complaint asserts generally that "[n]one of the members of Empire's members are considered citizens of Georgia." (Compl. [1] ¶ 4.)

jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). In its Complaint, Plaintiff has shown that it has five members: the Corporation Members, the LLC Members, and the LP Member. As the Court expressly explained in both the October 2nd and October 11th Orders, "when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM

Ventures, LLC, No. 10-cv-02001-PAB-CBS, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).  To determine Plaintiff's citizenship, therefore, the Court looks to the citizenship of each of its members.

As to the Corporation Members, the Complaint alleges that they are incorporated in Texas and have their principal places of business in Texas.  These allegations are sufficient to show that the Corporation Members are citizens of Texas.  See 28 U.S.C. § 1332(c)(1).  As to the LLC Members and the LP Member, the Complaint does not contain any information to show their citizenship.  Unincorporated business entities are citizens of any state of which a member of the business is a citizen.  Rolling Greens, 374 F.3d at 1022.  This rule applies to all non-corporate associations, including limited liability companies and limited partnerships.  See id.[2]

---

[2] The Complaint states that "[n]one of the members of Empire's members are considered citizens of Georgia."  As the Court explained in the October 2nd and 11th Orders, a "negative" allegation does not satisfy Plaintiff's burden.  See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (quoting Cameron v. Hodges, 127 U.S. 322, 324–25 (1888)) (explaining that an allegation that a party is "not" a citizen of a particular state is not sufficient to establish diversity jurisdiction).  Plaintiff is required to "specifically allege each party's citizenship."  See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979) (per curiam); see also Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be "distinctly and affirmatively alleged.").

Information about the citizenship of the LLC and LP Members is uniquely available to Plaintiff—the party who asserts this action and who must show that this Court has jurisdiction over it. For the third time, Plaintiff has failed to show the citizenship of three of its five members. Plaintiff has not satisfied its burden "to show the jurisdictional fact of diversity of citizenship," and this action is thus required to be dismissed for lack of subject matter jurisdiction. See King, 505 F.3d at 1171 (quoting Slaughter, 359 F.2d at 956); see also Travaglio v. Am. Express Co., No. 11-15292, 2013 WL 4406389, at *2–3 (11th Cir. Aug. 19, 2013) (publication pending) (holding that court must dismiss action for lack of subject matter jurisdiction unless pleadings or record evidence establishes jurisdiction).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this 27th day of November, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE